**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1769-19

WILLIAM JONES and LINDA
JONES, per quod,

     Plaintiffs-Appellants,

v.

STACEY MARCIANO,

     Defendant-Respondent.

_____

NARRAGANSETT BAY
INSURANCE COMPANY,

     Plaintiff-Respondent,

v.

STACEY MARCIANO,

     Defendant-Respondent,

and

WILLIAM JONES and
LINDA JONES,

     Defendants-Appellants.

_____

Argued August 23, 2021 – Decided August 30, 2021

Before Judges Whipple and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Salem County, Docket Nos. L-0118-16 and L-0200-17.

Vincent J. Pancari argued the cause for appellants (Capizola, Pancari, Lapham & Fralinger, attorneys; Vincent J. Pancari, on the brief).

 John Burke argued the cause for respondent (Burke & Potenza, attorneys; John Burke, of counsel and on the brief).

PER CURIAM

Appellants, William and Linda Jones, appeal from the November 22, 2019 order of the Law Division entering judgment declaring that defendant, Stacey Marciano's, homeowner's insurance carrier, Narragansett Bay Insurance Company (NBIC) is not obligated to provide Marciano coverage for a jury verdict returned against him on October 24, 2019.  We affirm.

This case began in 2016, when an argument between the Pittsgrove neighbors, Jones and Marciano, escalated.  Marciano claims he was walking away from the argument when Jones struck him on the side of the head.  Marciano grabbed Jones, and they fell to the ground.  Then, Marciano struck

Jones in the head with a closed fist. Next, Marciano got up, grabbed the shovel Jones had brought over, and swung it at him, striking Jones in the skull. Jones was transported by medical evacuation personnel via helicopter to the Trauma Center at Cooper University Hospital in Camden. Marciano pled guilty to aggravated assault, N.J.S.A. 2C:12-l(b), acknowledging at the plea hearing that he used excessive force under the circumstances, beyond justification, resulting in Jones's hospitalization.

The Jones's[1] filed suit against Marciano for the injuries sustained. Answers were filed by counsel assigned to Marciano's defense by NBIC pursuant to a reservation of rights agreement, which is the subject of this appeal. NBIC issued a reservation of rights letter on May 6, 2016, and later issued a supplemental reservation of rights letter on July 22, 2016. On June 21, 2017, NBIC served a denial and withdrawal of representation upon its insured Marciano but withdrew it two weeks later. Then, on August 3, Jones filed an amended complaint, adding a count for negligence.

On October 22, 2017, NBIC filed a complaint seeking a declaratory judgment against Marciano and Jones, asserting it had no obligation to either defend Marciano or indemnify with respect to the Jones complaint because the

---

[1] Linda Jones brings a per quod claim.

policy explicitly excludes coverage for bodily injury which was expected or intended by the insured. Marciano did not raise any affirmative defenses in his answer, but Jones asserted that NBIC was equitably barred from attempting to deny coverage to Marciano. On April 13, 2018, the court consolidated the cases for the purpose of discovery. The next month, NBIC sent a denial and withdrawal of representation letter to Marciano. Assigned counsel for Marciano moved to be relieved in June, which the court denied. Then, NBIC moved for summary judgment in May 2019. In their responses, neither Marciano nor Jones raised equitable estoppel. The court denied the motion.

The case was tried before a jury from October 21 to 24, 2019. On the first day of trial, before selecting a jury, Jones's counsel advised the court that he intended to move for dismissal of NBIC's complaint, arguing NBIC was estopped from denying coverage. The court refused to consider the motion at that time and trial proceeded. The court also advised counsel that it would decide the motion on what was on the record, and hear arguments on November 22, but specifically indicated that no further discovery would be permitted.

With that understanding, trial commenced. During his opening statement, counsel for Marciano unsuccessfully attempted to discuss correspondence between Marciano and NBIC. The court ruled that the documents were not

4

relevant to issues within the jury's province. On October 24, 2019, the jury returned its verdict finding that Marciano intended to cause injury to Jones and that his conduct in doing so did not constitute the use of reasonable force to protect himself. The court did not enter the judgement but held it in abeyance.

On November 22, 2019, the court heard oral argument on the defendants' motion to dismiss the declaratory judgment complaint. In her ruling on the motion, the judge recounted that on the first day of trial, counsel for Jones asserted in chambers that he intended to bring a motion to dismiss the case, raising the argument of estoppel for the first time since raising it in his answer. Because it was a dispositive question of law, the court determined the issue would be addressed post-trial.

Next, during opening arguments, Marciano raised the issue of the reservation of rights letters. The judge considered the use of the letters to be was a question of law for the court. Thus, she precluded such evidence from the jury.

After trial, in deciding the motion to dismiss, the court concluded there was no reason for it not to consider the July 22, 2016 reservation of rights letter. The court found that the letter clearly set forth the terms of the proposed agreement between NBIC and Marciano and notified the insured of his right to

A-1769-19

accept or reject the agreement. Therefore, the court reasoned the letter was consistent with <u>Northfield Insurance Company v. Mount Hawley</u>, 454 N.J. Super. 135 (App. Div. 2018). Subsequently, the judge denied the motion to dismiss the declaratory judgment complaint and entered judgment in favor of NBIC because the jury had found intentional conduct by Marciano. This appeal followed.

On appeal, Jones argues the court erred when it denied defendants attempt to present NBIC's reservation of rights letter and correspondence with Marciano to the jury. Additionally, Jones argues the court later erred when it denied Jones's motion to dismiss NBIC's complaint since, in doing so, it considered the same evidence precluded from the jury. We disagree and affirm.

To the extent that the trial court makes a determination of law, we review de novo and afford no deference to the trial court. <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995). However, the decision to admit or exclude evidence is one firmly entrusted to the trial court's discretion, <u>Estate of Hanjes v Metro Property & Casualty Insurance Co.</u>, 202 N.J. 369, 383-84 (2010), and we grant substantial deference to the evidentiary ruling of a trial judge, <u>Fitzgerald v. Stanley Roberts, Inc.</u>, 186 N.J. 286, 319 (2006).

6

The bases of defendants Jones's motion were that the reservation of rights letters that were sent to Marciano did not comply with the requirements set forth in <u>Merchants Indemnity Corporation v. Eggleston</u>, 37 N.J. 114 (1962), and that NBIC controlled the defense of the matter for over three years, and NBIC was estopped from denying coverage. However, after the first day of trial, NBIC provided the court with the updated July 22, 2016 reservation of rights letter it had sent to Marciano.

Here, the court reviewed the correspondence from NBIC to Marciano and explained the May 6, 2016 reservation of rights letter did not give adequate notice to Marciano that he had a right to accept or reject the reservation of rights agreement. However, the court found the July 22, 2016 letter clearly informed Marciano of his option to reject the offer of a defense under a reservation of rights.

Although extensive discovery occurred in the consolidated case, defendants herein had not engaged in any discovery which would have requested the production of that letter. Thus, we discern no error in the judge's refusal to allow it to be presented to the jury, and further that no party assailed its authenticity. In addition, we discern no reason why the court itself could not consider the letter in its legal determination that Marciano was informed of his

A-1769-19

rights and NBIC was not estopped from denying coverage. Jones argues that he detrimentally relied on NBIC's actions but he does not explain how the record supports that assertion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8